Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
December 9, 2019

**2019 CO 104**

**No. 19SA180,** *In Re People v. Rowell*—**Preliminary Hearing Demand Following
Bond Revocation—"Within a Reasonable Time."**

In this original proceeding brought pursuant to C.A.R. 21, the supreme court

holds that the district court erred in denying the defendant's request for a

preliminary hearing without first determining whether the request was advanced

within a reasonable time after the bonds in his cases were revoked and he was

taken into custody.  The relevant charges are class 4, 5, and 6 felonies that do not

carry mandatory sentencing, are not crimes of violence pursuant to section

18-1.3-406, C.R.S. (2019), and are not sexual offenses.  It is undisputed that while

the defendant was on bond, he was not eligible to receive a preliminary hearing

on those charges.  But the court rules that when his bonds were later revoked, he

was entitled to demand and receive a preliminary hearing within a reasonable

time.

Accordingly, the court reverses the district court's ruling. The case is remanded so that the district court may determine whether the defendant's demand was made within a reasonable time after he became eligible to advance it.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2019 CO 104

**Supreme Court Case No. 19SA180**
*Original Proceeding Pursuant to C.A.R. 21*
Larimer County District Court Case Nos. 18CR1611 & 19CR15
Honorable Gregory M. Lammons, Judge

_____

**In Re**

**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

James Rowell.

_____

**Rule Made Absolute**
*en banc*
December 9, 2019

_____

**Attorneys for Plaintiff:**
Clifford E. Riedel, District Attorney, Eighth Judicial District
Joshua D. Ritter, Deputy District Attorney
    *Fort Collins, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Erin Crowgey, Deputy Public Defender
    *Fort Collins, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1 In this original proceeding brought pursuant to C.A.R. 21, we must determine whether the district court erred in denying James Rowell's request for a preliminary hearing on one of the two felony charges in case number 18CR1611 and on all five felony charges in case number 19CR15 (collectively, "the relevant charges"). The relevant charges are class 4, 5, and 6 felonies that do not carry mandatory sentencing, are not crimes of violence pursuant to section 18-1.3-406, C.R.S. (2019), and are not sexual offenses. It is undisputed that Rowell was initially ineligible to receive a preliminary hearing on the relevant charges because he posted bond in both cases. The issue we confront is whether Rowell was entitled to demand and receive a preliminary hearing on the relevant charges when he later found himself in custody in both cases because his bonds were revoked. The district court ruled that he was not, and we subsequently granted his petition for a rule to show cause. We now make the rule absolute.

¶2 Because Rowell was taken into custody on the relevant charges when his bonds were revoked, he was entitled to demand a preliminary hearing on those charges "within a reasonable time." The question that naturally flows from this determination is: What does "within a reasonable time" mean? The legislature asked this court to establish, through rule, the precise timeframe within which a demand for a preliminary hearing must be made. *See* § 16-5-301(1)(a), C.R.S. (2019). Although Crim. P. 7(h)(1) requires that a preliminary hearing request in

district court be made "within 7 days after the defendant is brought before the court for or following the filing of the information," it does not address Rowell's situation—Rowell did not become eligible to demand a preliminary hearing on the relevant charges until months after he was brought before the court for the filing of the information. Inasmuch as Rule 7(h)(1) is silent on the timeframe within which Rowell was required to demand a preliminary hearing on the relevant charges after his bonds were revoked, we remand the case to the district court to determine whether his demand was made "within a reasonable time" after he became statutorily eligible to advance it.

## I. Facts and Procedural History

¶3 In June 2018, Rowell was charged in Larimer County case number 18CR1611 with multiple crimes, including two felonies: count one, second degree assault (peace officer), a class 4 felony; and count two, second degree assault (serious bodily injury), a class 4 felony. Rowell posted bond and was released the next day—before the information was filed and prior to any court appearance for the filing of the information.

¶4 Approximately six months later, on January 1, 2019, Rowell was accused of committing additional crimes in Larimer County case number 19CR15. He was charged in that case with a misdemeanor and the following five felonies: three counts of second degree assault (peace officer), all class 4 felonies; one count of

3

attempted second degree assault (peace officer), a class 5 felony; and one count of violation of bail bond conditions, a class 6 felony. Again, Rowell posted bond before the information was filed and prior to any court appearance for the filing of the information.

¶5 In February 2019, Rowell requested a preliminary hearing in each case. The district court granted the request as to count two in 18CR1611, finding that second degree assault (serious bodily injury) requires mandatory sentencing and is also a crime of violence pursuant to section 18-1.3-406 ("crime of violence").[1] *See* § 16-5-301(1)(b)(I) ("No person accused of a class 4, 5, or 6 felony . . . except those which require mandatory sentencing or which are crimes of violence . . . or which are sexual offenses . . . shall have the right to demand or receive a preliminary hearing."). But it denied the request as to the relevant charges—i.e., the remaining felony charge in 18CR1611 and all five felony charges in 19CR15—reasoning that Rowell was on bond and those charges do not require mandatory sentencing, are not crimes of violence, and are not sexual offenses.[2] *See* § 16-5-301(1)(b)(II) ("Any

---

[1] Whether Rowell's request for a preliminary hearing on count two in 18CR1611 was timely made in February 2019 is not an issue before us.

[2] Neither party contests the district court's conclusion that the relevant charges do not require mandatory sentencing and are not crimes of violence or sexual offenses. And we have not been asked to review that determination. Therefore, we assume, without deciding, that it was correct.

4

defendant accused of a class 4, 5, or 6 felony . . . who is not otherwise entitled to a preliminary hearing . . . may demand and shall receive a preliminary hearing within a reasonable time . . . if the defendant is in custody for the offense for which the preliminary hearing is requested."). Following a preliminary hearing on count two in 18CR1611 in March, the court found that probable cause existed to believe that Rowell committed that crime.

¶6 On May 2, 2019, Rowell was charged in a third case, Larimer County case number 19CR1086, with three additional felonies: second degree assault (strangulation), a class 4 felony; and two counts of violation of bail bond conditions, both class 6 felonies. Less than two weeks later, the district court granted the People's request to increase the bond amounts in 18CR1611 and 19CR15. Rowell posted the bond in the most recent case, 19CR1086, but could not post the increased bonds in the two older cases. Consequently, he was taken into custody in 18CR1611 and 19CR15 on May 13.

¶7 On July 25, seventy-three days after his bonds were revoked in 18CR1611 and 19CR15, Rowell demanded a preliminary hearing on the relevant charges. He did so before entering a plea in either case. The district court denied the request, ruling that a defendant charged with class 4, 5, and 6 felonies, which do not require mandatory sentencing and are not crimes of violence or sexual offenses, "does not have a right to a preliminary hearing if [he is] out of custody." Moreover,

5

continued the court, when a defendant "violates [his] bond . . . [and] get[s] remanded into custody, that right does not come back" because "[o]nce it is gone, it is gone."

¶8 Rowell then filed a petition for a rule to show cause. And we granted his petition.

## II. Jurisdiction

¶9 The exercise of original jurisdiction under C.A.R. 21 rests solely within our discretion. *People v. Tafoya*, 2019 CO 13, ¶ 13, 434 P.3d 1193, 1195. We have made clear, however, that relief under C.A.R. 21 is "an extraordinary remedy that is limited in both purpose and availability." *People in Interest of T.T.*, 2019 CO 54, ¶ 16, 442 P.3d 851, 855–56 (quoting *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 22, 394 P.3d 1144, 1151). Our jurisprudence reflects that we have exercised our jurisdiction pursuant to C.A.R. 21 when an appellate remedy would be inadequate, *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005), when a party may otherwise suffer irreparable harm, *Hoffman v. Brookfield Republic, Inc.*, 87 P.3d 858, 861 (Colo. 2004), or when a petition raises "issues of significant public importance that we have not yet considered," *Wesp v. Everson*, 33 P.3d 191, 194 (Colo. 2001).

¶10 Here, in invoking our original jurisdiction, Rowell argues that there is no other adequate remedy available, that he will suffer irreparable harm if we do not

intervene, and that his petition presents an issue of significant public importance we have not yet addressed. We agree with him on all three fronts.

¶11 First, the district court's alleged error implicates Rowell's right to a preliminary hearing, and that right will be rendered moot after trial. *Tafoya*, ¶ 15, 434 P.3d at 1195. A preliminary hearing is a *pretrial* screening device. *Hunter v. Dist. Court*, 543 P.2d 1265, 1267 (Colo. 1975). Therefore, forcing Rowell to wait to advance his claim until his direct appeal (in the event of a conviction) is not an adequate remedy. And we are aware of no other suitable remedy.

¶12 Second, the district court's denial of Rowell's request for a preliminary hearing on the relevant charges, if incorrect, deprives him of a statutory right and may require him to improperly remain in custody until trial. As we explained in *Hunter*, a preliminary hearing seeks to "protect[] the accused" by ensuring "that the prosecution can at least sustain the burden of proving probable cause." *Id.*; *see also Tafoya*, ¶ 14, 434 P.3d at 1195 ("A preliminary hearing is designed to provide a judicial determination as to whether probable cause exists to believe that the charged offense was committed by the defendant."). Thus, absent relief under C.A.R. 21, Rowell may suffer irreparable harm.

¶13 Finally, Rowell's petition raises an issue of first impression that has significant public importance. We have never been called upon to decide whether a defendant in Rowell's situation is entitled to demand a preliminary hearing and,

7

if so, what deadline applies to such a demand. Yet, we are convinced that this is a situation that comes up with some frequency in our trial courts. Hence, we feel compelled to shed light on the matter.

## III. Standard of Review

¶14 Whether Rowell is entitled to a preliminary hearing on the relevant charges is a question of law. Indeed, the district court's ruling was grounded in its interpretation of section 16-5-301(1)(b)(II). We review de novo questions of law generally, *People v. Chavez-Torres*, 2019 CO 59, ¶ 11, 442 P.3d 843, 847, and questions of statutory interpretation specifically, *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389.

## IV. Analysis

¶15 Section 16-5-301 governs preliminary hearings.[3] It provides in pertinent part that no defendant charged with "a class 4, 5, or 6 felony . . . except those which require mandatory sentencing or which are crimes of violence . . . or which are sexual offenses . . . shall have the right to demand or receive a preliminary hearing." § 16-5-301(1)(b)(I). Because neither party asserts that the relevant

---

[3] Section 18-1-404, C.R.S. (2019), is similar to section 16-5-301. Both are titled "Preliminary hearing or waiver—dispositional hearing." Because any differences are not material to our resolution of this appeal, we limit our discussion to section 16-5-301.

charges require mandatory sentencing or are crimes of violence or sexual offenses, Rowell is clearly not entitled to request or receive a preliminary hearing on the relevant charges under section 16-5-301(1)(b)(I). But the statute doesn't end at subsection (1)(b)(I). In the very next subsection, subsection (1)(b)(II), it provides that a defendant charged with "a class 4, 5, or 6 felony . . . who is not otherwise entitled to a preliminary hearing pursuant to subparagraph (I) of this paragraph (b), may demand and shall receive a preliminary hearing within a reasonable time" if he is in custody for the offense for which he requests a preliminary hearing. § 16-5-301(1)(b)(II). We must interpret this provision to resolve Rowell's appeal.

¶16 In construing a statute, our goal is to ascertain and effectuate the legislature's intent. *McCoy*, ¶ 37, 442 P.3d at 389. Our jumping off point in this process is to give the statute's words their plain and ordinary meaning. *Id.* We may not add, subtract, or change the words in the statute. *See id.* Instead, we must read the words as written, in context, and in accordance with the rules of grammar and common usage. *Id.*

¶17 Consistent with the district court's ruling, the People contend that subsection (1)(b)(II) does not contemplate preliminary hearings "at a time other than the outset of a criminal prosecution." However, subsection (1)(b)(II) does not contain such a limitation. Nowhere does it say that a preliminary hearing may

9

only be requested and held at "the outset of a criminal prosecution." And it would be improper for us to engraft such a restriction onto subsection (1)(b)(II). Instead, giving the statutory words their plain and ordinary meaning, and construing them in context and in line with the rules of grammar and common usage, we conclude that when a defendant is in custody for the offenses for which a preliminary hearing is requested and those offenses fit the criteria specified in subsection (1)(b)(II), he may demand and must receive a preliminary hearing within a reasonable time.

¶18 But what specifically does "within a reasonable time" mean? In section 16-5-301(1)(a), the legislature asked this court to establish, through its rules, "the time within which demand" for a preliminary hearing must be made. *See* § 16-5-301(1)(a). Rule 7(h) sets forth district court procedures related to preliminary hearings.[4] It provides that, "[e]xcept upon a finding of good cause, the request for a preliminary hearing must be made within 7 days after the defendant is brought before the court for or following the filing of the information in that court and prior to a plea." Crim. P. 7(h)(1).

---

[4] Crim. P. 5(a)(4) contains similar provisions related to preliminary hearings in county court proceedings. Because Rowell demanded a preliminary hearing in district court, we confine our analysis to Rule 7(h).

¶19 In our view, the seven-day deadline in Rule 7(h)(1) does not control Rowell's situation. Rowell became eligible for a preliminary hearing on the relevant charges months after the seven-day deadline in Rule 7(h)(1) expired. Because he was on bond in 18CR1611 and 19CR15 during the entirety of the seven-day timeframe, he could not have meritoriously requested a preliminary hearing on the relevant charges in a timely fashion. To attempt to apply the deadline in Rule 7(h)(1) here would be to attempt to fit a square peg into a round hole. The deadline in Rule 7(h)(1) simply does not contemplate the particular scenario before us.

¶20 This is not to say that the seven-day deadline in Rule 7(h)(1) is meaningless. Rather, the point is that while the deadline governs the timeliness of the vast majority of preliminary hearing requests, it does not apply to the request on review.

¶21 The People nevertheless maintain that Rule 7(h)(5) supports their position. We are not persuaded.

¶22 As relevant here, Rule 7(h)(5) provides that: (1) a request for a preliminary hearing submitted more than seven days after the information is filed or the defendant appears in court for the filing of the information "shall not thereafter be heard by the court"; and (2) the court may not "entertain successive requests for preliminary hearing." Crim. P. 7(h)(5). The first of these provisions does not create a new seven-day deadline. Rather, Rule 7(h)(5) simply references the seven-day

11

deadline that appears in Rule 7(h)(1) and addresses the demands that are governed by that deadline. When such a demand fails to comply with the seven-day deadline in Rule 7(h)(1), it is untimely and Rule 7(h)(5) precludes the court from considering it. Stated differently, Rule 7(h)(5) prohibits the court from entertaining demands that violate the seven-day deadline in Rule 7(h)(1); it does not provide a separate seven-day deadline for demands like Rowell's, which are not covered by the seven-day deadline in Rule 7(h)(1). Because we have already determined that Rowell's demand for a preliminary hearing on the relevant charges falls outside the ambit of the seven-day deadline in Rule 7(h)(1), we now conclude that it also necessarily falls outside the scope of the provision at issue in Rule 7(h)(5).

¶23 The other provision in Rule 7(h)(5) on which the People rely does not alter our analysis either. Rowell's demand for a preliminary hearing on the relevant charges cannot be deemed successive because it is based on a new circumstance: He is being held in custody on those charges. Indeed, it is this new circumstance that may entitle Rowell, for the first time, to demand and receive a preliminary hearing on the relevant charges pursuant to subsection (1)(b)(II). Inasmuch as Rowell could not have advanced a meritorious demand for a preliminary hearing on the relevant charges under subsection (1)(b)(II) before his bonds were revoked, his most recent demand cannot be declared successive.

12

¶24 Because we conclude that Rule 7(h) does not set a deadline for Rowell's demand for a preliminary hearing on the relevant charges, we remand the case to the district court so that it may determine whether Rowell's demand was made "within a reasonable time," as required by subsection (1)(b)(II). More specifically, on remand, the court must decide whether Rowell's demand for a preliminary hearing on the relevant charges, which was filed seventy-three days after his bonds were revoked and he was taken into custody, was made within a reasonable time after he became eligible under subsection (1)(b)(II) to advance that demand.

¶25 In assessing the reasonableness of the timing of Rowell's demand, the court may draw guidance from the seven-day deadline in Rule 7(h)(1) and should consider the reasons for the delay in making the demand and any other circumstances that affected the timing of the demand. Given that this determination will be, at least in part, factual in nature, we believe that the district court is better suited to make it.

## V. Conclusion

¶26 We conclude that the district court erred in denying Rowell's request for a preliminary hearing on the relevant charges without first determining whether the request was advanced within a reasonable time after his bonds were revoked and he was taken into custody. Therefore, we reverse the court's order and remand for further proceedings consistent with this opinion.

13