2022 CO 47 In Re: The People of the State of Colorado, v. In the Interest of: A.S.M., a Juvenile. No. 22SA71
Supreme Court of Colorado, En Banc
September 26, 2022

 Original Proceeding Pursuant to C.A.R. 21 Arapahoe County
 District Court Case No. 20JD457 Honorable Bonnie McLean,
 Judge

 Attorneys for the People of the State of Colorado: John
 Kellner, District Attorney, Eighteenth Judicial District L.
 Andrew Cooper, Deputy District Attorney Centennial, Colorado

 Attorneys for A.S.M.: Appeal to Justice LLC Amy D. Trenary
 Broomfield, Colorado

 Attorneys for Respondent Arapahoe County District Court:
 Philip J. Weiser, Attorney General Joseph A. Peters, Senior
 Assistant Attorney General Denver, Colorado

 CHIEF
 JUSTICE BOATRIGHT, JUSTICE MÁRQUEZ, JUSTICE HOOD,
 JUSTICE GABRIEL, JUSTICE HART, and JUSTICE BERKENKOTTER
 joined.

 OPINION

 SAMOUR
 JUSTICE

 ¶1
 The question before us in this delinquency case is whether
 A.S.M., a juvenile, is entitled to have the juvenile court
 judge review the preliminary hearing finding made by the
 juvenile court magistrate.[1] The answer is yes.

 ¶2
 Following a preliminary hearing, a magistrate in the
 Eighteenth Judicial District determined that probable cause
 existed to believe that A.S.M. had committed the delinquent
 acts alleged. A.S.M. timely sought review of the
 magistrate's probable cause determination. But the
 juvenile court declined to review the matter on the merits,
 ruling that it lacked subject matter jurisdiction because the
 magistrate's preliminary hearing finding did not
 constitute a final order. A.S.M. then invoked our original
 jurisdiction, and we issued a rule to show cause.

 ¶3
We now make the rule absolute. While only a district court
 magistrate's final orders or judgments-namely, those
 fully resolving an issue or claim-are reviewable under C.R.M.
 7(a)(3), the preliminary hearing statute in the
 Children's Code, section 19-2.5-609(3), C.R.S. (2022),
 specifically permits review of a

 magistrate's preliminary hearing finding.[2] Section
19-1-108(5.5), C.R.S. (2022), which sets the ground rules for
 a section 19-2.5-609(3) review, doesn't alter this
 conclusion. Therefore, we need not get in the middle of the
 parties' tug-of-war over whether the magistrate's
 preliminary hearing finding in this case constituted a final
 order. Instead, we hold that section 19-2.5-609(3) entitles
 prosecutors and juveniles alike to ask a juvenile court to
 review a magistrate's preliminary hearing finding in a
 delinquency proceeding.

 I.
Facts and Procedural History

 ¶4
 Between July 1 and July 4, 2020, A.S.M., then sixteen years
 old, allegedly committed delinquent acts that, if committed
 by an adult, would constitute two class 6 felonies, two class
 1 misdemeanors, and one class 2 misdemeanor. The prosecution
 filed a five-count delinquency petition against him, and he
 was detained pending adjudication. Because A.S.M. was accused
 of two offenses that would qualify as class 6 felonies in the
 adult arena (attempted aggravated motor vehicle theft in the
 second degree and conspiracy to commit that crime), and
 because he was in custody, he was eligible for a preliminary
 hearing on those offenses. § 19-2.5-609(2)(b).

 ¶5
 A.S.M. requested, and a magistrate conducted, a preliminary
 hearing. During the hearing, the prosecution called one
 witness, the investigating detective. At the conclusion of
 the hearing, A.S.M. argued that the prosecution had failed to
 establish probable cause to believe that he had committed the
 delinquent acts alleged in the two counts in question. The
 magistrate thought this was a "close" call but
 ultimately found that probable cause existed as to both
 offenses. A.S.M. then timely petitioned the juvenile court
 for review of the magistrate's probable cause
 determination.

 ¶6
 In a well-written order, the juvenile court concluded that it
 lacked subject matter jurisdiction to review the
 magistrate's probable cause finding. To unravel the
 "confusion around this issue," the court first
 looked to section 19-2.5-609(3) for guidance. It pointed out
 that this provision "seemingly suggests" that
 either party may ask a juvenile court to review a
 magistrate's preliminary hearing finding in a delinquency
 proceeding. But the court felt that section 19-2.5-609(3) was
 in conflict with other authority.

 ¶7
 To begin, the court observed that section 19-2.5-609(3)
 states that any review of a preliminary hearing finding must
 be performed pursuant to section 19-1-108(5.5), which the
 court read as requiring a final order. The court added that
 C.R.M. 7 ("Review of District Court Magistrate Orders or
 Judgments") and People in the Interest of J.D.,
 2020 CO 48, 464 P.3d 785, corroborate the

 conclusion that parties can only seek review of a
 magistrate's ruling if it constitutes a final order or
 judgment. See C.R.M. 7(a)(3) ("Only a final
 order or judgment of a magistrate is reviewable under this
 Rule. A final order or judgment is that which fully resolves
 an issue or claim."); J.D., ¶ 12, 464 P.3d
 at 788 (indicating that, under C.R.M. 7(a)(3), a district
 court magistrate's decisions "that are not
 themselves final become subject to review by a district court
 judge only after entry of a final order or judgment, which
 fully resolves the issue or claim being litigated at the
 proceeding in question"). Continuing, the court reasoned
 that the magistrate's preliminary hearing finding was not
 a final order subject to review under C.R.M. 7 and
J.D. because it did not fully resolve an issue or
 claim. Lastly, the court analogized a provision in section
 19-2.5-609 to parts of Crim. P. 5 and 7, the rules governing
 preliminary hearings in adult cases. Like Crim. P.
 5(a)(4)(III) and 7(h)(4), section 19-2.5-609(1)(d) requires
 that the accused's case be set for trial upon a finding
 of probable cause following a preliminary hearing. The court
 inferred from this similarity that the next step in the
 proceeding was to set A.S.M.'s case for trial, thereby
 eliminating any opportunity for review of the
 magistrate's preliminary hearing finding.

 ¶8
 A.S.M. thereafter filed a petition in our court seeking
 exercise of our original jurisdiction pursuant to C.A.R. 21.
For the reasons we set forth next, we decided to exercise our
 original jurisdiction.

 II.
Reasons Justifying Exercise of Our Original
 Jurisdiction

 ¶9
 Under C.A.R. 21, we have sole discretion to exercise our
 original jurisdiction. See C.A.R. 21(a)(1). However,
 because a C.A.R. 21 proceeding is extraordinary in nature and
 limited in purpose and availability, we have historically
 cabined exercise of our original jurisdiction to such
 circumstances as when an appellate remedy would be
 inadequate, a party may suffer irreparable harm, or a
 petition raises an issue of first impression that has
 significant public importance. People v.
 Cortes-Gonzalez, 2022 CO 14, ¶ 21, 506 P.3d 835,
 842. In his C.A.R. 21 petition, A.S.M. argued that the
 circumstances here justified exercise of our original
 jurisdiction. As the rule to show cause we issued evinces, we
 agreed. ¶10 First, A.S.M. has no adequate appellate
 remedy. The juvenile court's alleged error implicates his
 right to review of the magistrate's preliminary hearing
 finding, and that right will be rendered moot after trial.
Cf. People v. Rowell, 2019 CO 104, ¶ 11, 453
 P.3d 1156, 1159 (reaching a similar conclusion with respect
 to the right to a preliminary hearing); People v.
 Tafoya, 2019 CO 13, ¶ 15, 434 P.3d 1193, 1195
(same).

 ¶11
 Second, the juvenile court's denial of A.S.M.'s
 request for review, if incorrect, deprives him of a statutory
 right and may require him to improperly remain in custody.
Cf. Rowell, ¶ 12, 453 P.3d at 1159 (noting that
 denial of the request for a preliminary hearing on the
 relevant charges, if incorrect, deprived

the defendant of a statutory right and potentially required
 him to improperly remain in custody until trial). To the
 extent the juvenile court erred, no appellate relief will be
 able to undo the wrong inflicted on A.S.M. Thus, absent
 exercise of our original jurisdiction, A.S.M. may suffer
 irreparable harm.

 ¶12
 Third, the question raised in A.S.M.'s petition is of
 significant public importance and has not yet been considered
 by Colorado's appellate courts: Is a juvenile entitled to
 have a juvenile court review a magistrate's preliminary
 hearing finding in a delinquency case? And, as the juvenile
 court acknowledged, the issue is mired in confusion.

 ¶13
 Given these circumstances, we determined that exercising our
 original jurisdiction was warranted. Before explaining why we
 now make absolute our rule to show cause, we take a moment to
 articulate the standard that shepherds our review.

 III.
Standard of Review

 ¶14
 Whether A.S.M. is entitled to have the juvenile court review
 the magistrate's probable cause finding hinges on our
 interpretation of section 19-2.5-609(3), section
 19-1-108(5.5), and C.R.M. 7(a)(3). Questions of statutory
 interpretation are questions of law that are subject to de
 novo review. Rowell, ¶ 14, 453 P.3d at 1159. So
 are questions of rule interpretation. See Northstar
 Project Mgmt., Inc. v. DLR Grp., Inc., 2013 CO 12,
 ¶ 12, 295 P.3d 956, 959 ("We interpret rules of
 procedure

 consistent with principles of statutory construction and,
 thus, review procedural rules de novo as well.");
People v. Zhuk, 239 P.3d 437, 438-39 (Colo. 2010)
(applying de novo review to construction of appellate rules).

 IV.
Analysis

 ¶15
Section 19-2.5-609, titled "Preliminary
 hearing-dispositional hearing," addresses preliminary
 hearings in delinquency proceedings. Among other things, it
 delineates when a juvenile or a prosecutor may demand and
 receive a preliminary hearing to determine whether there is
 probable cause to believe that the delinquent act alleged was
 committed by the juvenile. § 19-2.5-609(1), (2)(b). It
 also sets forth the timeframe within which a preliminary
 hearing must be held if the juvenile is being detained as a
 result of the delinquent act alleged. §
 19-2.5-609(1)(b). Further, it states that the parties have no
 right to demand that the preliminary hearing be conducted by
 a juvenile court instead of a magistrate. See §
 19-2.5-609(1). But if the hearing is in front of a
 magistrate, either party may make "[a] request for
 review" of the "preliminary hearing finding."
§ 19-2.5-609(3). Any such request must "be filed
 pursuant to section 19-1-108(5.5)" and reviewed
 "pursuant to said section."[3] Id.

 ¶16
 There is no ambiguity in section 19-2.5-609(3). It clearly
 permits "[a] request for review of a preliminary hearing
 finding entered by a magistrate." Id. We are
 required to give statutory words and phrases their plain and
 ordinary meaning because our chief goal in interpreting a
 statute is to ascertain and effectuate the legislature's
 intent. Garcia v. People, 2022 CO 6, ¶ 17, 503
 P.3d 135, 140. Where, as here, a statute is free from
 ambiguity, "we need look no further." McCoy v.
 People, 2019 CO 44, ¶ 38, 442 P.3d 379, 389. Once
 we've given an unambiguous statute's words and
 phrases their plain and ordinary meaning, "our work is
 done." Garcia, ¶ 17, 503 P.3d at 140.

 ¶17
The juvenile court, however, read section 19-1-108(5.5) as
 requiring a final order, and since section 19-2.5-609(3)
 states that any review of a magistrate's preliminary
 hearing finding must be conducted pursuant to section
 19-1-108(5.5), the court concluded that the magistrate's
 order was reviewable only if it qualified as a final order,
 which the court determined it didn't. Not surprisingly,
 the parties devote large portions of their briefs to whether
 the magistrate's preliminary hearing was a final order.
We need not reach that question, though, because we

 conclude that requests for review under section 19-2.5-609(3)
 aren't confined to final orders. We do so for two
 reasons.

 ¶18
 First, section 19-1-108(5.5) contains no restriction related
 to final orders. In fact, the term "final order"
 does not appear in that provision. What section 19-1-108(5.5)
 references is a magistrate's "ruling." §
 19-1-108(5.5) (setting deadlines to file "[a] request
 for review" following "notice of the
 magistrate's ruling" (emphasis added)).
Consistent with the word "ruling," elsewhere
 section 19-1-108 discusses situations in which a party is
 "bound by the findings and recommendations of
 the magistrate, subject to a request for review as set forth
 in subsection (5.5) of this section." §
 19-1-108(3)(a.5) (emphasis added). There is no dispute here
 that the magistrate's determination of probable cause
 qualified as a "finding[]." Indeed, section
 19-2.5-609(3) specifically refers to a magistrate's
 "preliminary hearing finding."[4]

 ¶19
We read section 19-1-108(5.5) not as modifying a party's
 right to seek review of a magistrate's preliminary
 hearing finding under section 19-2.5-609(3), but rather as
 establishing the ground rules for such review. Section
 19-1-108(5.5): sets the deadline to file a request for
 review; requires the petitioning party to articulate the
 reasons related to the request for review; restricts the
 review to the record of the hearing held and to the reasons
 for review contained in C.R.C.P. 59; requires review by a
 juvenile court before an appeal may be filed with the court
 of appeals or our court; and gives a juvenile court
 discretion to remand the case to a different magistrate after
 completing its review. § 19-1-108(5.5). Nowhere in
 section 19-1-108(5.5) is there any indication that only final
 orders are subject to review. ¶20 We have no authority
 to erect a final-order boundary around section 19-1-108(5.5).
In construing a statute, courts may not add words to it.
McBride v. People, 2022 CO 30, ¶ 23, 511 P.3d
 613, 617.[5]

 ¶21
 Second, were we to endorse the juvenile court's analysis,
 it would drain section 19-2.5-609(3) of all meaning. If
 section 19-1-108(5.5) covers only final orders and a
 magistrate's preliminary hearing finding is not a final
 order, when would section 19-2.5-609(3) apply? In other
 words, if a magistrate's preliminary hearing finding is
 not a final order and section 19-1-108(5.5) only permits
 review of a final order, when would a party be entitled to
 review of a magistrate's preliminary hearing finding? The
 answer, of course, is never.

 ¶22
 But that can't be right. It is now beyond question that
 courts "strive to avoid interpretations that would
 render statutory language meaningless." Chavez v.
 People, 2015 CO 62, ¶ 21, 359 P.3d 1040, 1044. And
 we must do our utmost "to give consistent, harmonious,
 and sensible effect" to the different parts of a
 statutory scheme. Dep't of Revenue v. Agilent Techs.,
 Inc., 2019 CO 41, ¶ 16, 441 P.3d 1012, 1016
(quoting UMB Bank, N.A. v. Landmark Towers
 Ass'n, 2017 CO 107, ¶ 22, 408 P.3d 836, 840).

 ¶23
 Here, the juvenile court's approach robbed section
 19-2.5-609(3) of all meaning and failed to give consistent,
 harmonious, and sensible effect to the different parts of the
 statutory scheme. In the process, it contravened the General
 Assembly's intent. There is no doubt that the General
 Assembly meant to allow review of a magistrate's
 preliminary hearing finding in a delinquency proceeding.
See § 19-2.5-609(3). We cannot contradict this
 edict. "It is a cardinal rule of

 statutory construction that the legislative intent should be
 ascertained and given effect whenever possible."
People v. Stevens, 517 P.2d 1336, 1340 (Colo. 1973).

 ¶24
We therefore hold that prosecutors and juveniles alike are
 statutorily entitled to ask a juvenile court to review a
 magistrate's preliminary hearing finding in a delinquency
 proceeding.

 ¶25
We are not persuaded otherwise by C.R.M. 7(a)(3), which
 provides that "[o]nly a final order or judgment of a
 magistrate is reviewable under this Rule" and that
 "[a] final order or judgment is that which fully
 resolves an issue or claim." Just a couple of terms ago,
 in discussing this rule, we recognized that a district court
 magistrate's decisions "that are not themselves
 final become subject to review by a district court judge only
 after entry of a final order or judgment, which fully
 resolves the issue or claim being litigated at the proceeding
 in question." J.D., ¶ 12, 464 P.3d at 788.
The juvenile court here relied on C.R.M. 7(a)(3) and
J.D. But that reliance was misplaced, as neither
 buttresses its construction of section 19-2.5-609(3).

 ¶26
 C.R.M. 7(a)(3) is part of the general rule that, as its title
 suggests, controls "Review of District Court Magistrate
 Orders or Judgments." C.R.M. 7 resides within the
 Colorado Magistrate Rules and, in contrast to section
 19-2.5-609(3), is not specific to delinquency cases.
Importantly, by its own terms, C.R.M. 7(a)(3) applies only to
 requests for review "under this [r]ule."
A.S.M.'s request for review,

 however, was not submitted under C.R.M. 7; it was submitted
 under section 19-2.5-609(3).

 ¶27
 In our view, there is no conflict between C.R.M. 7(a)(3) and
section 19-2.5-609(3). A request for review related to a
 magistrate's preliminary hearing finding in a delinquency
 proceeding is governed by section 19-2.5-609(3), while a more
 general request for review challenging a district court
 magistrate's order and brought pursuant to C.R.M. 7 (not
 pursuant to a statute such as section 19-2.5-609(3)), is
 governed by C.R.M. 7.[6] C.R.M. 7(a)(1) recognizes as much:
 "Unless otherwise provided by statute, [C.R.M. 7] is the
 exclusive method to obtain review of a district court
 magistrate's order or judgment" in a proceeding
 (such as this one) that does not require the consent of the
 parties. C.R.M. 7(a)(1); see also §
 19-1-108(3)(a.5) (noting that a preliminary hearing may be
 conducted by a magistrate, instead of a judge, without
 consent of the parties because "[t]he right to require a
 hearing before a judge does not apply to . . . preliminary
 hearings held pursuant to section 19-2.5-609"). Section
 19-2.5-609(3) fits snugly into the "[u]nless otherwise
 provided by statute" exception in C.R.M. 7(a)(1). And
 while review

 under C.R.M. 7 is limited to final orders or judgments,
 review under section 19-2.5-609(3) is not.

 ¶28
 Nothing in J.D. is to the contrary. There, we simply
 held that a magistrate is not prohibited (either by statute
 or court rule) from reconsidering prior rulings, decrees, or
 decisions in a delinquency case, so long as the magistrate
 has been properly appointed to hear the case and the
 proceeding has not yet culminated in a final order or
 judgment. J.D., ¶ 2, 464 P.3d at 786. Because
 the guilty plea entered in front of the magistrate didn't
 amount to a "final order or judgment" under C.R.M.
 7(a)(3), we concluded that the juvenile court had erred in
 ruling that the magistrate lacked subject matter jurisdiction
 over the juvenile's Crim. P. 32(d) motion to withdraw his
 guilty plea prior to sentencing. Id.

 ¶29
 As part of our analysis in J.D., we examined C.R.M.
 7(a)(3). Id. at ¶¶ 7, 12, 464 P.3d at 787,
 788. But we did not reference, much less interpret, section
 19-2.5-609(3)-there was no reason to, as the issue we
 confronted revolved around a guilty plea, not a preliminary
 hearing. Differently put, J.D. did not implicate
 section 19-2.5-609(3). And though we discussed the contents
 of section 19-1-108, including those governing petitions for
 review in subsection (5.5), id. at ¶¶ 6,
 11, 464 P.3d at 787, 788, we didn't consider-because we
 weren't asked to and didn't have to-the interplay
 between that statute's references to a magistrate's
 "ruling" and "findings and
 recommendations," on the

 one hand, and C.R.M. 7(a)(3)'s reference to a district
 court magistrate's "final order or judgment,"
 on the other. J.D. is, in a word, inapposite.

 ¶30
 Besides C.R.M. 7(a)(3) and J.D., the juvenile court
 also relied on section 19-2.5-609(1)(d), which instructs that
 "[i]f the court determines that probable cause exists,
 it shall enter a finding to that effect and schedule an
 adjudicatory trial." But this provision in no way
 precludes a request for review under subsection (3) of the
 same statute. Subsections (1)(d) and (3) can coexist.
Assuming either that no party seeks review of a
 magistrate's determination that there is probable cause
 or that a juvenile court affirms such a determination on
 review pursuant to subsection (3), a finding to that effect
 must be entered and a trial must be scheduled. The juvenile
 court's reading of section 19-1-108, however, pitted
 subsection (1)(d) against subsection (3) and then allowed the
 former to swallow the latter. This was error because
 "[w]e presume that the General Assembly intended the
 entire statute to be effective." People v.
 Luther, 58 P.3d 1013, 1015 (Colo. 2002).

 ¶31
 And because it was within the legislature's prerogative
 to allow the parties to seek review of a magistrate's
 preliminary hearing finding in a delinquency case but not in
 an adult case, any similarities between Crim. P. 5(a)(4)(III)
 and 7(h)(4), on the one hand, and section 19-2.5-609(1)(d),
 on the other, are inconsequential. Crim. P. 5 and 7 both lack
 something section 19-2.5-609 has: a provision that

 explicitly permits parties to seek review of a
 magistrate's preliminary hearing finding. See
§ 19-2.5-609(3).

 ¶32
 In sum, the juvenile court mistakenly rejected A.S.M.'s
 request for review on jurisdictional grounds. It should have
 addressed the merits of the request.[7]

 V.
Conclusion

 ¶33
 For the foregoing reasons, we make absolute our rule to show
 cause. On remand, the juvenile court should review the
 magistrate's probable cause determination.

---------

[1] We will refer to the juvenile court
 judge as "juvenile court" or "court" and
 to the juvenile court magistrate as "magistrate."
And we will use these abbreviations to generally refer to a
 juvenile court judge and a juvenile court magistrate,
 respectively.

[2] C.R.M. 7 applies to any "district
 court magistrate."

[3] Section 19-1-108 is the statute in the
 Children's Code that deals with the duties and
 qualifications of magistrates who hear matters under the
 juvenile court's jurisdiction. As well, it contains a
 provision regarding petitions for review of a
 magistrate's ruling. § 19-1-108(5.5). Petitions for
 review must be filed in the juvenile court. See id.;
see also § 19-1-108(1) (referring to the
 "juvenile court").

[4] This opinion should not be understood
 as suggesting that every ruling, finding, and recommendation
 by a magistrate is reviewable under section 19-1-108(5.5).
For our purposes, it suffices to say that section
 19-2.5-609(3) expressly makes a magistrate's preliminary
 hearing finding subject to review pursuant to section
 19-1-108(5.5). Just what other findings (and what rulings and
 recommendations) by a magistrate are reviewable under section
 19-1-108(5.5) is not a question before us, and we accordingly
 pass no judgment on it.

[5] For the same reason, we decline the
 prosecution's invitation to declare that sections
 19-2.5-609(3) and 19-1-108(5.5) circumscribe requests for
 review of a magistrate's preliminary hearing finding to
 those filed by the prosecution. Section 19-2.5-609(3) refers
 to "[a] request for review" without ever drawing
 any distinction between one submitted by the prosecution and
 one submitted by a juvenile. Likewise, section 19-1-108(5.5)
 talks about "[a] request for review" and "[a]
petition for review," but it nowhere states that only
 the prosecution may bring such a request or petition.

[6] Similarly, we perceive no conflict
 between section 19-1-108(5.5) and C.R.M. 7(a)(3). If a
 request for review unrelated to a preliminary hearing finding
 in a delinquency proceeding is brought pursuant to section
 19-1-108(5.5), that provision, not C.R.M. 7,
 controls.

[7] Invoking concerns of due process and
 equal protection, the prosecution argues in passing that
 allowing juveniles whose preliminary hearing is conducted by
 a magistrate to challenge the result in a juvenile
 court-"with detailed briefing, extensive legal research,
 and close scrutiny of a transcript"-gives them more
 favorable treatment than those juveniles whose preliminary
 hearing is conducted by a juvenile court. Even overlooking
 the prosecution's failure to direct us to any authority
 granting it standing to mount this constitutional challenge
 on behalf of juveniles, we are not persuaded that today's
 decision bestows preferential treatment on some juveniles or
 otherwise gives rise to constitutional concerns. Those
 juveniles who have their preliminary hearing in front of a
 juvenile court and are not entitled to seek review under
 section 19-2.5-609(3) may file a motion to
 reconsider-"with detailed briefing, extensive legal
 research, and close scrutiny of a transcript"-if they
 disagree with the juvenile court's preliminary hearing
 finding.

---------