517 P.3d 675
In re: the PEOPLE of the State of Colorado,
v.In the Interest of: A.S.M., a Juvenile.
Supreme Court Case No. 22SA71 Supreme Court of Colorado.
September 26, 2022
Attorneys for the People of the State of Colorado: John Kellner, District Attorney, Eighteenth Judicial District, L. Andrew Cooper, Deputy District Attorney, Centennial, Colorado
Attorneys for A.S.M.: Appeal to Justice LLC, Amy D. Trenary, Broomfield, Colorado
Attorneys for Respondent Arapahoe County District Court: Philip J. Weiser, Attorney General, Joseph A. Peters, Senior Assistant Attorney General, Denver, Colorado
En Banc
JUSTICE SAMOUR delivered the Opinion of the Court, in which CHIEF JUSTICE BOATRIGHT, JUSTICE MÁRQUEZ, JUSTICE HOOD, JUSTICE GABRIEL, JUSTICE HART, and JUSTICE BERKENKOTTER joined.
JUSTICE SAMOUR delivered the Opinion of the Court.
¶1 The question before us in this delinquency case is whether A.S.M., a juvenile, is entitled to have the juvenile court judge review the preliminary hearing finding made by the juvenile court magistrate.1 The answer is yes.
¶2 Following a preliminary hearing, a magistrate in the Eighteenth Judicial District determined that probable cause existed to believe that A.S.M. had committed the delinquent acts alleged. A.S.M. timely sought review of the magistrate's probable cause determination. But the juvenile court declined to review the matter on the merits, ruling that it lacked subject matter jurisdiction because the magistrate's preliminary hearing finding did not constitute a final order. A.S.M. then invoked our original jurisdiction, and we issued a rule to show cause.
¶3 We now make the rule absolute. While only a district court magistrate's final orders or judgments—namely, those fully resolving an issue or claim—are reviewable under C.R.M. 7(a)(3), the preliminary hearing statute in the Children's Code, section 19-2.5-609(3), C.R.S. (2022), specifically permits review of a magistrate's preliminary hearing finding.2 Section 19-1-108(5.5), C.R.S. (2022), which sets the ground rules for a section 19-2.5-609(3) review, doesn't alter this conclusion. Therefore, we need not get in the middle of the parties' tug-of-war over whether the magistrate's preliminary hearing finding in this case constituted a final order. Instead, we hold that section 19-2.5-609(3) entitles prosecutors and juveniles alike to ask a juvenile court to review a magistrate's preliminary hearing finding in a delinquency proceeding.
I. Facts and Procedural History
¶4 Between July 1 and July 4, 2020, A.S.M., then sixteen years old, allegedly committed delinquent acts that, if committed by an adult, would constitute two class 6 felonies, two class 1 misdemeanors, and one class 2 misdemeanor. The prosecution filed a five-count delinquency petition against him, and he was detained pending adjudication. Because A.S.M. was accused of two offenses that would qualify as class 6 felonies in the adult arena (attempted aggravated motor vehicle theft in the second degree and conspiracy to commit that crime), and because he was in custody, he was eligible for a preliminary hearing on those offenses. § 19-2.5-609(2)(b).
¶5 A.S.M. requested, and a magistrate conducted, a preliminary hearing. During the hearing, the prosecution called one witness, the investigating detective. At the conclusion of the hearing, A.S.M. argued that the prosecution had failed to establish probable cause to believe that he had committed the delinquent acts alleged in the two counts in question. The magistrate thought this was a "close" call but ultimately found that probable cause existed as to both offenses. A.S.M. then timely petitioned the juvenile court for review of the magistrate's probable cause determination.
¶6 In a well-written order, the juvenile court concluded that it lacked subject matter jurisdiction to review the magistrate's probable cause finding. To unravel the "confusion around this issue," the court first looked to section 19-2.5-609(3) for guidance. It pointed out that this provision "seemingly suggests" that either party may ask a juvenile court to review a magistrate's preliminary hearing finding in a delinquency proceeding. But the court felt that section 19-2.5-609(3) was in conflict with other authority.
¶7 To begin, the court observed that section 19-2.5-609(3) states that any review of a preliminary hearing finding must be performed pursuant to section 19-1-108(5.5), which the court read as requiring a final order. The court added that C.R.M. 7 ("Review of District Court Magistrate Orders or Judgments") and People in the Interest of J.D., 2020 CO 48, 464 P.3d 785, corroborate the conclusion that parties can only seek review of a magistrate's ruling if it constitutes a final order or judgment. See C.R.M. 7(a)(3) ("Only a final order or judgment of a magistrate is reviewable under this Rule. A final order or judgment is that which fully resolves an issue or claim."); J.D., ¶ 12, 464 P.3d at 788 (indicating that, under C.R.M. 7(a)(3), a district court magistrate's decisions "that are not themselves final become subject to review by a district court judge only after entry of a final order or judgment, which fully resolves the issue or claim being litigated at the proceeding in question"). Continuing, the court reasoned that the magistrate's preliminary hearing finding was not a final order subject to review under C.R.M. 7 and J.D. because it did not fully resolve an issue or claim. Lastly, the court analogized a provision in section 19-2.5-609 to parts of Crim. P. 5 and 7, the rules governing preliminary hearings in adult cases. Like Crim. P. 5(a)(4)(III) and 7(h)(4), section 19-2.5-609(1)(d) requires that the accused's case be set for trial upon a finding of probable cause following a preliminary hearing. The court inferred from this similarity that the next step in the proceeding was to set A.S.M.'s case for trial, thereby eliminating any opportunity for review of the magistrate's preliminary hearing finding.
¶8 A.S.M. thereafter filed a petition in our court seeking exercise of our original jurisdiction pursuant to C.A.R. 21. For the reasons we set forth next, we decided to exercise our original jurisdiction.
II. Reasons Justifying Exercise of Our Original Jurisdiction ¶9 Under C.A.R. 21, we have sole discretion to exercise our original jurisdiction. See C.A.R. 21(a)(1). However, because a C.A.R. 21 proceeding is extraordinary in nature and limited in purpose and availability, we have historically cabined exercise of our original jurisdiction to such circumstances as when an appellate remedy would be inadequate, a party may suffer irreparable harm, or a petition raises an issue of first impression that has significant public importance. People v. Cortes-Gonzalez, 2022 CO 14, ¶ 21, 506 P.3d 835, 842. In his C.A.R. 21 petition, A.S.M. argued that the circumstances here justified exercise of our original jurisdiction. As the rule to show cause we issued evinces, we agreed.
¶10 First, A.S.M. has no adequate appellate remedy. The juvenile court's alleged error implicates his right to review of the magistrate's preliminary hearing finding, and that right will be rendered moot after trial. Cf. People v. Rowell, 2019 CO 104, ¶ 11, 453 P.3d 1156, 1159 (reaching a similar conclusion with respect to the right to a preliminary hearing); People v. Tafoya, 2019 CO 13, ¶ 15, 434 P.3d 1193, 1195 (same).
¶11 Second, the juvenile court's denial of A.S.M.'s request for review, if incorrect, deprives him of a statutory right and may require him to improperly remain in custody. Cf. Rowell, ¶ 12, 453 P.3d at 1159 (noting that denial of the request for a preliminary hearing on the relevant charges, if incorrect, deprived the defendant of a statutory right and potentially required him to improperly remain in custody until trial). To the extent the juvenile court erred, no appellate relief will be able to undo the wrong inflicted on A.S.M. Thus, absent exercise of our original jurisdiction, A.S.M. may suffer irreparable harm.
¶12 Third, the question raised in A.S.M.'s petition is of significant public importance and has not yet been considered by Colorado's appellate courts: Is a juvenile entitled to have a juvenile court review a magistrate's preliminary hearing finding in a delinquency case? And, as the juvenile court acknowledged, the issue is mired in confusion.
¶13 Given these circumstances, we determined that exercising our original jurisdiction was warranted. Before explaining why we now make absolute our rule to show cause, we take a moment to articulate the standard that shepherds our review.
III. Standard of Review ¶14 Whether A.S.M. is entitled to have the juvenile court review the magistrate's probable cause finding hinges on our interpretation of section 19-2.5-609(3), section 19-1-108(5.5), and C.R.M. 7(a)(3). Questions of statutory interpretation are questions of law that are subject to de novo review. Rowell, ¶ 14, 453 P.3d at 1159. So are questions of rule interpretation. See Northstar Project Mgmt., Inc. v. DLR Grp., Inc., 2013 CO 12, ¶ 12, 295 P.3d 956, 959 ("We interpret rules of procedure consistent with principles of statutory construction and, thus, review procedural rules de novo as well."); People v. Zhuk , 239 P.3d 437, 438-39 (Colo. 2010) (applying de novo review to construction of appellate rules).
IV. Analysis
¶15 Section 19-2.5-609, titled "Preliminary hearing-dispositional hearing," addresses preliminary hearings in delinquency proceedings. Among other things, it delineates when a juvenile or a prosecutor may demand and receive a preliminary hearing to determine whether there is probable cause to believe that the delinquent act alleged was committed by the juvenile. § 19-2.5-609(1), (2)(b). It also sets forth the timeframe within which a preliminary hearing must be held if the juvenile is being detained as a result of the delinquent act alleged. § 19-2.5-609(1)(b). Further, it states that the parties have no right to demand that the preliminary hearing be conducted by a juvenile court instead of a magistrate. See § 19-2.5-609(1). But if the hearing is in front of a magistrate, either party may make "[a] request for review" of the "preliminary hearing finding." § 19-2.5-609(3). Any such request must "be filed pursuant to section 19-1-108(5.5)" and reviewed "pursuant to said section."3 Id. ¶16 There is no ambiguity in section 19-2.5-609(3). It clearly permits "[a] request for review of a preliminary hearing finding entered by a magistrate." Id. We are required to give statutory words and phrases their plain and ordinary meaning because our chief goal in interpreting a statute is to ascertain and effectuate the legislature's intent. Garcia v. People, 2022 CO 6, ¶ 17, 503 P.3d 135, 140. Where, as here, a statute is free from ambiguity, "we need look no further." McCoy v. People, 2019 CO 44, ¶ 38, 442 P.3d 379, 389. Once we've given an unambiguous statute's words and phrases their plain and ordinary meaning, "our work is done." Garcia, ¶ 17, 503 P.3d at 140.
¶17 The juvenile court, however, read section 19-1-108(5.5) as requiring a final order, and since section 19-2.5-609(3) states that any review of a magistrate's preliminary hearing finding must be conducted pursuant to section 19-1-108(5.5), the court concluded that the magistrate's order was reviewable only if it qualified as a final order, which the court determined it didn't. Not surprisingly, the parties devote large portions of their briefs to whether the magistrate's preliminary hearing was a final order. We need not reach that question, though, because we conclude that requests for review under section 19-2.5-609(3) aren't confined to final orders. We do so for two reasons.
¶18 First, section 19-1-108(5.5) contains no restriction related to final orders. In fact, the term "final order" does not appear in that provision. What section 19-1-108(5.5) references is a magistrate's "ruling." § 19-1-108(5.5) (setting deadlines to file "[a] request for review" following "notice of the magistrate's ruling" (emphasis added)). Consistent with the word "ruling," elsewhere section 19-1-108 discusses situations in which a party is "bound by the findings and recommendations of the magistrate, subject to a request for review as set forth in subsection (5.5) of this section." § 19-1-108(3)(a.5) (emphasis added). There is no dispute here that the magistrate's determination of probable cause qualified as a "finding[ ]." Indeed, section 19-2.5-609(3) specifically refers to a magistrate's "preliminary hearing finding."4 ¶19 We read section 19-1-108(5.5) not as modifying a party's right to seek review of a magistrate's preliminary hearing finding under section 19-2.5-609(3), but rather as establishing the ground rules for such review. Section 19-1-108(5.5) : sets the deadline to file a request for review; requires the petitioning party to articulate the reasons related to the request for review; restricts the review to the record of the hearing held and to the reasons for review contained in C.R.C.P. 59 ; requires review by a juvenile court before an appeal may be filed with the court of appeals or our court; and gives a juvenile court discretion to remand the case to a different magistrate after completing its review. § 19-1-108(5.5). Nowhere in section 19-1-108(5.5) is there any indication that only final orders are subject to review. ¶20 We have no authority to erect a final-order boundary around section 19-1-108(5.5). In construing a statute, courts may not add words to it. McBride v. People , 2022 CO 30, ¶ 23, 511 P.3d 613, 617.5 ¶21 Second, were we to endorse the juvenile court's analysis, it would drain section 19-2.5-609(3) of all meaning. If section 19-1-108(5.5) covers only final orders and a magistrate's preliminary hearing finding is not a final order, when would section 19-2.5-609(3) apply? In other words, if a magistrate's preliminary hearing finding is not a final order and section 19-1-108(5.5) only permits review of a final order, when would a party be entitled to review of a magistrate's preliminary hearing finding? The answer, of course, is never. ¶22 But that can't be right. It is now beyond question that courts "strive to avoid interpretations that would render statutory language meaningless." Chavez v. People, 2015 CO 62, ¶ 21, 359 P.3d 1040, 1044. And we must do our utmost "to give consistent, harmonious, and sensible effect" to the different parts of a statutory scheme. Dep't of Revenue v. Agilent Techs., Inc., 2019 CO 41, ¶ 16, 441 P.3d 1012, 1016 (quoting UMB Bank, N.A. v. Landmark Towers Ass'n, 2017 CO 107, ¶ 22, 408 P.3d 836, 840 ). ¶23 Here, the juvenile court's approach robbed section 19-2.5-609(3) of all meaning and failed to give consistent, harmonious, and sensible effect to the different parts of the statutory scheme. In the process, it contravened the General Assembly's intent. There is no doubt that the General Assembly meant to allow review of a magistrate's preliminary hearing finding in a delinquency proceeding. See § 19-2.5-609(3). We cannot contradict this edict. "It is a cardinal rule of statutory construction that the legislative intent should be ascertained and given effect whenever possible." People v. Stevens, 183 Colo. 399, 517 P.2d 1336, 1340 (1973). ¶24 We therefore hold that prosecutors and juveniles alike are statutorily entitled to ask a juvenile court to review a magistrate's preliminary hearing finding in a delinquency proceeding.
¶25 We are not persuaded otherwise by C.R.M. 7(a)(3), which provides that "[o]nly a final order or judgment of a magistrate is reviewable under this Rule" and that "[a] final order or judgment is that which fully resolves an issue or claim." Just a couple of terms ago, in discussing this rule, we recognized that a district court magistrate's decisions "that are not themselves final become subject to review by a district court judge only after entry of a final order or judgment, which fully resolves the issue or claim being litigated at the proceeding in question." J.D., ¶ 12, 464 P.3d at 788. The juvenile court here relied on C.R.M. 7(a)(3) and J.D. But that reliance was misplaced, as neither buttresses its construction of section 19-2.5-609(3).
¶26 C.R.M. 7(a)(3) is part of the general rule that, as its title suggests, controls "Review of District Court Magistrate Orders or Judgments." C.R.M. 7 resides within the Colorado Magistrate Rules and, in contrast to section 19-2.5-609(3), is not specific to delinquency cases. Importantly, by its own terms, C.R.M. 7(a)(3) applies only to requests for review "under this [r]ule." A.S.M.'s request for review, however, was not submitted under C.R.M. 7 ; it was submitted under section 19-2.5-609(3).
¶27 In our view, there is no conflict between C.R.M. 7(a)(3) and section 19-2.5-609(3). A request for review related to a magistrate's preliminary hearing finding in a delinquency proceeding is governed by section 19-2.5-609(3), while a more general request for review challenging a district court magistrate's order and brought pursuant to C.R.M. 7 (not pursuant to a statute such as section 19-2.5-609(3) ), is governed by C.R.M. 7.6 C.R.M. 7(a)(1) recognizes as much: "Unless otherwise provided by statute, [ C.R.M. 7 ] is the exclusive method to obtain review of a district court magistrate's order or judgment" in a proceeding (such as this one) that does not require the consent of the parties. C.R.M. 7(a)(1) ; see also § 19-1-108(3)(a.5) (noting that a preliminary hearing may be conducted by a magistrate, instead of a judge, without consent of the parties because "[t]he right to require a hearing before a judge does not apply to ... preliminary hearings held pursuant to section 19-2.5-609"). Section 19-2.5-609(3) fits snugly into the "[u]nless otherwise provided by statute" exception in C.R.M. 7(a)(1). And while review under C.R.M. 7 is limited to final orders or judgments, review under section 19-2.5-609(3) is not.
¶28 Nothing in J.D. is to the contrary. There, we simply held that a magistrate is not prohibited (either by statute or court rule) from reconsidering prior rulings, decrees, or decisions in a delinquency case, so long as the magistrate has been properly appointed to hear the case and the proceeding has not yet culminated in a final order or judgment. J.D., ¶ 2, 464 P.3d at 786. Because the guilty plea entered in front of the magistrate didn't amount to a "final order or judgment" under C.R.M. 7(a)(3), we concluded that the juvenile court had erred in ruling that the magistrate lacked subject matter jurisdiction over the juvenile's Crim. P. 32(d) motion to withdraw his guilty plea prior to sentencing. Id.
¶29 As part of our analysis in J.D. , we examined C.R.M. 7(a)(3). Id. at ¶¶ 7, 12, 464 P.3d at 787, 788. But we did not reference, much less interpret, section 19-2.5-609(3) —there was no reason to, as the issue we confronted revolved around a guilty plea, not a preliminary hearing. Differently put, J.D. did not implicate section 19-2.5-609(3). And though we discussed the contents of section 19-1-108, including those governing petitions for review in subsection (5.5), id. at ¶¶ 6, 11, 464 P.3d at 787, 788, we didn't consider—because we weren't asked to and didn't have to—the interplay between that statute's references to a magistrate's "ruling" and "findings and recommendations," on the one hand, and C.R.M. 7(a)(3)'s reference to a district court magistrate's "final order or judgment," on the other. J.D. is, in a word, inapposite.
¶30 Besides C.R.M. 7(a)(3) and J.D. , the juvenile court also relied on section 19-2.5-609(1)(d), which instructs that "[i]f the court determines that probable cause exists, it shall enter a finding to that effect and schedule an adjudicatory trial." But this provision in no way precludes a request for review under subsection (3) of the same statute. Subsections (1)(d) and (3) can coexist. Assuming either that no party seeks review of a magistrate's determination that there is probable cause or that a juvenile court affirms such a determination on review pursuant to subsection (3), a finding to that effect must be entered and a trial must be scheduled. The juvenile court's reading of section 19-1-108, however, pitted subsection (1)(d) against subsection (3) and then allowed the former to swallow the latter. This was error because "[w]e presume that the General Assembly intended the entire statute to be effective." People v. Luther, 58 P.3d 1013, 1015 (Colo. 2002).
¶31 And because it was within the legislature's prerogative to allow the parties to seek review of a magistrate's preliminary hearing finding in a delinquency case but not in an adult case, any similarities between Crim. P. 5(a)(4)(III) and 7(h)(4), on the one hand, and section 19-2.5-609(1)(d), on the other, are inconsequential. Crim. P. 5 and 7 both lack something section 19-2.5-609 has: a provision that explicitly permits parties to seek review of a magistrate's preliminary hearing finding. See § 19-2.5-609(3).
¶32 In sum, the juvenile court mistakenly rejected A.S.M.'s request for review on jurisdictional grounds. It should have addressed the merits of the request.7 V. Conclusion
¶33 For the foregoing reasons, we make absolute our rule to show cause. On remand, the juvenile court should review the magistrate's probable cause determination.
1 We will refer to the juvenile court judge as "juvenile court" or "court" and to the juvenile court magistrate as "magistrate." And we will use these abbreviations to generally refer to a juvenile court judge and a juvenile court magistrate, respectively.
2 C.R.M. 7 applies to any "district court magistrate."
3 Section 19-1-108 is the statute in the Children's Code that deals with the duties and qualifications of magistrates who hear matters under the juvenile court's jurisdiction. As well, it contains a provision regarding petitions for review of a magistrate's ruling. § 19-1-108(5.5). Petitions for review must be filed in the juvenile court. See id.; see also § 19-1-108(1) (referring to the "juvenile court").
4 This opinion should not be understood as suggesting that every ruling, finding, and recommendation by a magistrate is reviewable under section 19-1-108(5.5). For our purposes, it suffices to say that section 19-2.5-609(3) expressly makes a magistrate's preliminary hearing finding subject to review pursuant to section 19-1-108(5.5). Just what other findings (and what rulings and recommendations) by a magistrate are reviewable under section 19-1-108(5.5) is not a question before us, and we accordingly pass no judgment on it.
5 For the same reason, we decline the prosecution's invitation to declare that sections 19-2.5-609(3) and 19-1-108(5.5) circumscribe requests for review of a magistrate's preliminary hearing finding to those filed by the prosecution. Section 19-2.5-609(3) refers to "[a] request for review" without ever drawing any distinction between one submitted by the prosecution and one submitted by a juvenile. Likewise, section 19-1-108(5.5) talks about "[a] request for review" and "[a] petition for review," but it nowhere states that only the prosecution may bring such a request or petition.
6 Similarly, we perceive no conflict between section 19-1-108(5.5) and C.R.M. 7(a)(3). If a request for review unrelated to a preliminary hearing finding in a delinquency proceeding is brought pursuant to section 19-1-108(5.5), that provision, not C.R.M. 7, controls.
7 Invoking concerns of due process and equal protection, the prosecution argues in passing that allowing juveniles whose preliminary hearing is conducted by a magistrate to challenge the result in a juvenile court—"with detailed briefing, extensive legal research, and close scrutiny of a transcript"—gives them more favorable treatment than those juveniles whose preliminary hearing is conducted by a juvenile court. Even overlooking the prosecution's failure to direct us to any authority granting it standing to mount this constitutional challenge on behalf of juveniles, we are not persuaded that today's decision bestows preferential treatment on some juveniles or otherwise gives rise to constitutional concerns. Those juveniles who have their preliminary hearing in front of a juvenile court and are not entitled to seek review under section 19-2.5-609(3) may file a motion to reconsider—"with detailed briefing, extensive legal research, and close scrutiny of a transcript"—if they disagree with the juvenile court's preliminary hearing finding.