Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2024 CO 15**

**No. 22SA273, *In re People v. Maes* — Criminal Law — Preliminary Hearings — Probable Cause — Reviewability of Magistrate Determinations — Colorado Rules for Magistrates — Final Order or Judgment — Timeliness.**

In this original proceeding, the supreme court holds that a magistrate's probable-cause finding after a preliminary hearing is a "final order or judgment" under the Colorado Rules for Magistrates ("C.R.M.") and is therefore reviewable by a district court. The court further holds that the time limit for petitioning for such district court review runs from the time the magistrate memorializes that determination in writing. Accordingly, the court makes the rule to show cause absolute.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2024 CO 15

---

### Supreme Court Case No. 23SA273
*Original Proceeding Pursuant to C.A.R. 21*
Arapahoe County District Court Case No. 23CR599
Honorable Darren Vahle, Judge

---

### In Re
### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

Carlos Ray Maes.

---

### Rule Made Absolute
*en banc*
March 25, 2024

---

**Attorneys for Plaintiff:**
John Kellner, District Attorney, Eighteenth Judicial District
L. Andrew Cooper, Deputy District Attorney
    *Centennial, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Zack Tennant, Deputy Public Defender
Maddy Bullard, Deputy Public Defender
    *Centennial, Colorado*

**Attorneys for Respondent Arapahoe County District Court:**

Philip J. Weiser, Attorney General
Peter G. Baumann, Senior Assistant Attorney General
   *Denver, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court, in **CHIEF JUSTICE BOATRIGHT**, **JUSTICE MÁRQUEZ**, **JUSTICE GABRIEL**, **JUSTICE HART**, **JUSTICE SAMOUR**, and **JUSTICE BERKENKOTTER** joined.

JUSTICE HOOD delivered the Opinion of the Court.

¶1 In this original proceeding, we consider petitioner Carlos Ray Maes's assertion that a magistrate's finding of probable cause after a preliminary hearing is a "final order or judgment" under the Colorado Rules for Magistrates ("C.R.M.") and is therefore reviewable by a district court. We hold that it is.

¶2 We further hold that the time limit the C.R.M. imposes for petitioning for district court review of a magistrate's final order or judgment runs from the time the magistrate memorializes that determination in writing. Thus, we conclude that Maes timely filed his petition.

¶3 We therefore make the rule to show cause absolute.

## I. Facts and Procedural History

¶4 In the underlying criminal action filed in Arapahoe County, Maes was eligible for a preliminary hearing on six felony counts. A magistrate presided over the hearing.[1] *See* C.R.M. 6(a)(1)(D). Maes argued that the prosecution hadn't

---

[1] The magistrate didn't specify, and the district court declined to address, whether the magistrate was acting as a district court or a county court magistrate. *See* Chief Judge Order 23-09 (18th Jud. Dist.) (allowing magistrates within the Eighteenth Judicial District to serve as both county court and district court magistrates). We presume that the magistrate was acting as a district court magistrate because the C.R.M. specifically permits district court magistrates, without consent of the parties, to "[c]onduct preliminary . . . hearings," C.R.M. 6(a)(1)(D), while the C.R.M. contains no such explicit authorization for county court magistrates irrespective of consent, *see* C.R.M. 8. Moreover, the district court, in its Response Brief filed by the Attorney General, acknowledged that "because the magistrate

carried its burden of establishing probable cause for any of the charges. But the magistrate, in ruling from the bench, orally found that probable cause existed for each of the eligible counts and bound the case over to the district court.

¶5 Nearly three months later, prompted by a filing from Maes, the magistrate issued a signed minute order memorializing his probable-cause ruling.

¶6 Twenty-one days after the written ruling issued, Maes petitioned the Arapahoe County District Court ("the district court") for review of the magistrate's probable-cause determination. The district court declined. It found that (1) it didn't have jurisdiction to review a probable-cause determination and (2) Maes didn't timely file his petition.

¶7 Maes then petitioned this court under C.A.R. 21, proposing both the district court and the People of the State of Colorado ("the prosecution") as respondents. We issued a rule to show cause to those respondents.[2]

---

was sitting without the consent of the parties, the magistrate is best viewed as a district court magistrate." Brief for Respondent Arapahoe County District Court at 11.

[2] The petition presented the following issue:

> Whether a magistrate's probable cause determination at a preliminary hearing in a criminal case is a "final order or judgment" for purposes of the Colorado Rules for Magistrates such that the respondent district court erred when it declined to consider Mr. Maes' petition for review pursuant to C.R.M. 7(a).

## II. Analysis

## A. Original Jurisdiction Under C.A.R. 21

¶8 The decision to exercise original jurisdiction under C.A.R. 21 "is an extraordinary remedy limited in purpose and availability." *People v. Owens*, 2018 CO 55, ¶ 4, 420 P.3d 257, 258. We have sole discretion to exercise this jurisdiction. C.A.R. 21(a)(1); *see also People v. A.S.M.*, 2022 CO 47, ¶ 9, 517 P.3d 675, 677. We typically exercise original jurisdiction when "an appellate remedy would be inadequate, a party may suffer irreparable harm, or a petition raises an issue of first impression that has significant public importance." *A.S.M.*, ¶ 9, 517 P.3d at 677.

¶9 This case presents all three grounds. First, Maes's challenge implicates his right to a preliminary hearing, a right that can't be redressed through traditional appellate review because it's "rendered moot after trial." *Id.* at ¶ 10, 517 P.3d at 678. Second, if the magistrate erred in its probable-cause determination, Maes may be wrongfully confined while he awaits trial, a harm that cannot be redressed by an acquittal. *See id.* at ¶ 11, 517 P.3d at 678. Last, we've never squarely considered whether a magistrate's probable-cause determination is a reviewable final order

5

or judgment, despite having previously acknowledged that a very similar issue was of significant public importance. *See id.* at ¶ 12, 517 P.3d at 678.[3]

¶10 For these reasons, we choose to intervene now.

### B. Standard of Review and Principles of Interpretation

¶11 We interpret court rules de novo. *Id.* at ¶ 14, 517 P.3d at 678. In doing so, we "employ the same interpretive rules applicable to statutory construction." *People v. McLaughlin*, 2023 CO 38, ¶ 23, 530 P.3d 1206, 1211 (quoting *People v. Angel*, 2012 CO 34, ¶ 17, 277 P.3d 231, 235). We therefore first "look to the language of the rule, interpreting it consistently with its plain and ordinary meaning" and in the context of the rules as a whole. *Id.*; *see also People v. Jones*, 2020 CO 45, ¶ 54, 464 P.3d 735, 746. "If the rule is unambiguous, we apply it as written." *McLaughlin*, ¶ 23, 530 P.3d at 1211. "If, however, the language is ambiguous, meaning it is . . . susceptible to more than one reasonable interpretation, we may use extrinsic aids of construction . . . ." *Jones*, ¶ 55, 464 P.3d at 746. This includes considering the purpose of the rule and the consequences of a particular

---

[3] In *A.S.M.*, we issued a rule to show cause and recognized that the question of whether "a juvenile [is] entitled to have a juvenile court review a magistrate's preliminary hearing finding" was an issue of significant public importance, ¶ 12, 517 P.3d at 678, but ultimately declined to reach this issue, *id.* at ¶ 17, 517 P.3d at 679.

construction. *See Hice v. Giron*, 2024 CO 9, ¶ 10, 534 P.3d 385, 390; *see also* § 2-4-203(1), C.R.S. (2023). Against this backdrop, we turn to the issues presented.

## C. Final Orders or Judgments Under C.R.M. 7

¶12 A magistrate's order is subject to different forms of review depending on the nature of the proceeding. When a magistrate hears a matter in the place of a judge with the consent of the parties, a magistrate's decision is treated like a district court decision and may be appealed in the same manner under the Colorado Rules of Appellate Procedure. C.R.M. 7(b). But in proceedings like this one, when a magistrate hears a matter without the parties' consent, the C.R.M. permits district courts to review a district court magistrate's "*final order or judgment*." C.R.M. 7(a)(3) (emphasis added).

¶13 An order or judgment is a "ruling[], decree[] or other decision[] . . . made in the course of judicial proceedings," C.R.M. 3(e), and such an order or judgment becomes final when it "*fully resolves an issue or claim*," C.R.M. 7(a)(3) (emphasis added).

¶14 With this basic legal framework in mind, we consider the parties' arguments.

7

### 1. Language of the C.R.M.

### a. Issue or Claim

¶15 The prosecution claims in essence that "final order or judgment" should mean the same thing for magistrates as it does for judges; that is, it's a judgment "that ends the particular *action* in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceedings." *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009) (emphasis added). *Guatney* limits final judgments to acquittals, dismissals, or convictions and sentencing. *Id.* A finding of probable cause is none of these. In so arguing, the prosecution implies that an "action" under *Guatney* is the same as an "issue or claim" under the relevant magistrate rules. The district court, represented by the Attorney General, makes a substantively similar argument, claiming that a probable-cause determination made at a preliminary hearing isn't final because it is subsumed by the jury's ultimate decision on the merits. *Cf. Wood v. People*, 255 P.3d 1136, 1141 (Colo. 2011) (determining that a preliminary request for immunity wasn't a final judgment based on the same logic).

¶16 Maes disagrees. He contends that, under the C.R.M., a "final order or judgment" includes probable-cause findings because the words "issue or claim" can encompass parts of an action.

8

¶17 We begin by examining the plain meaning of the terms. Black's Law Dictionary defines "issue" as "[a] point in dispute between two or more parties," and specifies that in an appeal, an issue can be "a separate and discrete question of law or fact." *Issue*, Black's Law Dictionary (11th ed. 2019). It defines "claim" as "[a] demand for money, property, or a legal remedy to which one asserts a right." *Claim*, Black's Law Dictionary (11th ed. 2019). And it defines "action" as "[a] civil or criminal judicial proceeding." *Action*, Black's Law Dictionary (11th ed. 2019).

¶18 So, an action, as the overarching conflict between the parties, can and often does incorporate multiple issues and claims. Simply put, an action is the whole, and issues and claims are the building blocks that comprise it. A court can resolve an individual component of an action without resolving the action in its entirety. "Final order or judgment" under the C.R.M. therefore includes more than just acquittals, dismissals, and convictions.

¶19 But does a probable-cause finding really resolve an issue or a claim, even if the finding is just a constituent part of the larger action? After all, probable cause is typically a weigh station en route to a trial or plea agreement. Even so, probable cause is clearly an issue because it is "[a] point in dispute between two or more parties."[4] *Issue*, Black's Law Dictionary (11th ed. 2019); *see also, e.g., People v.*

[4] This interpretation is consistent with our case law. In *People in Interest of J.D.*, 2020 CO 48, ¶ 15, 464 P.3d 785, 789, we determined that accepting a plea isn't a

9

*Nygren*, 696 P.2d 270, 272 (Colo. 1985) ("The sole issue at a preliminary hearing is whether probable cause exists . . . ."); *People v. Horrocks*, 549 P.2d 400, 402 (Colo. 1976). It might also be a claim, because when a defendant is charged with certain kinds of felonies, he has the right to demand and receive a preliminary hearing in which probable cause will be determined, § 16-5-301, C.R.S. (2023); Crim. P. 5(a)(4), and if the decisionmaker finds that probable cause is lacking, the defendant receives a legal remedy in the form of a dismissal, Crim. P. 5(a)(4)(IV). But because the rule is framed in the disjunctive, we need not decide whether probable cause (or the alleged lack of it) also constitutes a claim. An issue suffices.

¶20 So, yes, a probable-cause finding at least resolves an issue. But does it *fully* resolve it?

**b. Fully Resolved**

¶21 A magistrate's determination to bind a case over after a preliminary hearing "fully resolves," C.R.M. 7(a)(3), the issue or claim of probable cause. In *People in Interest of J.D.*, 2020 CO 48, ¶ 12, 464 P.3d 785, 788, we established, based on an analysis of the C.R.M.'s plain language, that an issue or claim is fully resolved

---

final order or judgment under the C.R.M. In reaching this conclusion, we determined that a conviction isn't final until sentencing, but we didn't state that only acquittals, dismissals, and convictions can be final orders or judgments. *Id.* at ¶ 13, 464 P.3d at 788–89; *see also Guatney*, 214 P.3d at 1051. Moreover, a plea isn't an issue or claim, so on this point *J.D.* is distinguishable from the case before us now.

when a magistrate no longer has the authority to revisit its determination. There, we concluded that accepting a plea didn't fully resolve the issue of J.D.'s guilt because there are situations in which a defendant can withdraw his plea before sentencing. *Id.* at ¶ 13, 464 P.3d at 789.

¶22 But here, unlike in *J.D.*, a magistrate loses jurisdiction after making a probable-cause finding. When a magistrate finds probable cause, the Colorado Rules of Criminal Procedure require that the magistrate "order the defendant bound over to the appropriate court of record for trial." Crim. P. 5(a)(4)(III). The magistrate can't rehear any issue. C.R.M. 5(a). Once the magistrate binds the case over following a preliminary hearing, the magistrate may only correct clerical errors. *Id.* At that point, the issue of probable cause is fully resolved by the magistrate. So it was here (with the magistrate's subsequent issuance of a signed minute order simply correcting a clerical oversight, as we discuss below).

## 2. Extrinsic Aids in Construction

¶23 To the extent there is any ambiguity in the text of the magistrate rules at issue here, our conclusion also finds extrinsic support when we consider the purpose of the rule and the consequences of our construction. These considerations include various other matters addressed in the briefs: for example, how probable-cause determinations are reviewed in other contexts, the purpose of preliminary hearings, and institutional competence. We examine each in turn.

11

### a. Probable-Cause Review in Other Contexts

¶24 Our precedent holds that judges' probable-cause determinations are generally unreviewable on direct appeal. *See, e.g.*, *People v. Dist. Ct.*, 652 P.2d 582, 585 (Colo. 1982) ("*District Court*") (holding that a district court can't review a county court's probable-cause determination); *People ex rel. Russel v. Dist. Ct.*, 526 P.2d 289, 290 (Colo. 1974) (same for a district court's review of its own probable-cause determination). These cases, however, do not hold that magistrates' probable-cause determinations should be unreviewable.

¶25 *District Court* and *Russel* rely on the Colorado Rules of Criminal Procedure, which require that, upon finding that probable cause exists, a county court "order the defendant bound over to the appropriate court of record for trial," Crim. P. 5(a)(4)(III), and a district court "set the case for arraignment or trial," Crim. P. 7(h)(4). We concluded that these rules, standing alone, preclude review because "[t]here is no provision for rehearing on or reconsideration of a ruling on completion of a preliminary hearing" in either rule. *District Court*, 652 P.2d at 585 (quoting *Russel*, 526 P.2d at 290).

¶26 But, without meaning any disrespect or diminishing the critically important work they do, magistrates aren't judges. A magistrate is "[a]ny person *other than a judge* authorized by statute or by [the C.R.M.] to enter orders or judgments in

12

judicial proceedings." C.R.M. 3(a) (emphasis added).[5] And magistrates' procedures are governed by the C.R.M. as well as by statute. C.R.M. 2; *see also* Colo. Const. art. VI, § 21. C.R.M. 7(a) permits review of a magistrate's preliminary-hearing rulings. In short, for magistrates, the rules of criminal procedure don't stand alone.

### b. Purpose of Preliminary Hearings

¶27 Allowing review of a magistrate's probable-cause determinations doesn't subvert the purpose of preliminary hearings. A preliminary hearing is a "screening device to test the sufficiency of the prosecution's case before an impartial judge and to weed out the fatally weak case," *Maestas v. Dist. Ct.*, 541 P.2d 889, 891 (Colo. 1975), not a "mini-trial," *District Court*, 652 P.2d at 586 (quoting *People v. Quinn*, 516 P.2d 420, 421 (Colo. 1973)). A preliminary hearing is designed to benefit both the prosecution and the defense; it "offers [the prosecution] a method for testing the complaints of prosecuting witnesses," and it "accords the defendant an opportunity to correct any misconceptions which may have arisen with respect to his conduct." *Maestas*, 541 P.2d at 891 (quoting

---

[5] Unlike county court and district court judges, who are independent constitutional officers retained by voters, Colo. Const. art. VI, § 25, magistrates are Judicial Department employees who are "appointed, evaluated, retained, discharged, and disciplined, if necessary, by the chief or presiding judge of the district, with the concurrence of the chief justice," C.R.M. 4(c).

6 Theodore A. Borrillo, Colorado Practice: Criminal Practice and Procedure § 82 (1971)). This means we balance the interests of both parties when considering the hearing's purpose.

¶28 Here, allowing review of magistrates' probable-cause determinations will result in some delay to the pre-trial process in those jurisdictions that use magistrates to preside over preliminary hearings. *See Abbott v. Cnty. Ct.*, 886 P.2d 730, 734 (Colo. 1994) (establishing that a preliminary hearing shouldn't be a "tool for delay"). But protecting the delegation of judicial power under the Colorado Constitution and honoring defendants' due process rights outweigh those delay concerns. *See* Colo. Const. art. VI, § 1; *cf. United States v. Raddatz*, 447 U.S. 667, 677 (1980) (exploring when a magistrate's determination without review violates due process).

### c. Institutional Competence

¶29 Finally, there is no question that district court judges possess the competence to conduct this form of review. *See People ex rel. Leidner v. Dist. Ct.*, 597 P.2d 1040, 1042 (Colo. 1979) (asserting that, for probable-cause determinations, appellate courts shouldn't "second-guess the discretionary first-hand assessments of trial courts and substitute their evaluations of testimony based on cold transcripts"). On the contrary, district courts are well-versed in reviewing magistrate determinations in other contexts, like contempt orders, *see In re*

14

*Marriage of Sheehan*, 2022 COA 29, ¶ 20, 511 P.3d 708, 715, and petitions for paternity, *see In re Parental Responsibilities Concerning G.E.R.*, 264 P.3d 637, 638 (Colo. App. 2011). There's no reason they can't do so here.

¶30 Therefore, for reasons both intrinsic and extrinsic to the text of the governing rules, we conclude that a magistrate's probable-cause determination is a final order or judgment under the C.R.M.

¶31 We now turn to respondents' claim that Maes's request for district court review was untimely under the C.R.M.

## D. Timeliness

¶32 C.R.M. 7(a)(5) provides that

> [a] party may obtain review of a magistrate's final order or judgment by filing a petition to review such final order or judgment with the reviewing judge no later than [fourteen] days subsequent to the final order or judgment if the parties are present when the magistrate's order is entered, or [twenty-one] days from the date the final order or judgment is mailed or otherwise transmitted to the parties.

Additionally, C.R.M. 7(a)(4) states that "[a] final order or judgment is not reviewable until it is written, dated, and signed by the magistrate."

¶33 C.R.M. 7(a)(5) states that the period for seeking review begins running once the final order or judgment is "entered" or "transmitted," not when the final order or judgment becomes "reviewable." Consequently, a reading that runs the limitation period from the date a probable-cause finding is first *issued*, regardless of its form, may seem more natural based on the plain language of that section of

15

the rule alone. But under that cramped construction, a magistrate could prevent a decision from ever being reviewed—even if a defendant timely files a petition—simply by failing to memorialize the determination in writing. *See Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 32, 478 P.3d 1264, 1270 (establishing that we read court rules to avoid "constructions that would . . . lead to illogical or absurd results").

¶34 Running the limitation period from the date the magistrate's order becomes reviewable avoids this problem: it ensures that defendants can petition for review of, and that district courts can consider, all final magistrate orders or judgments. Though respondents contend that a defendant could extend the available review period until the eve of trial by not requesting a written order from the magistrate, a magistrate could prevent this by promptly signing and transmitting a minute order, as the rule explicitly permits.

¶35 Here, once the magistrate memorialized his probable-cause determination in writing, his determination became reviewable. The parties weren't present then, so the plain terms of C.R.M. 7(a)(5) gave Maes twenty-one days to file his petition. Maes did this, so his petition was timely filed.

## III. Conclusion

¶36 We make the rule to show cause absolute and remand for further proceedings consistent with this opinion.

16