23CA1596 Marriage of Sims 10-31-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1596
El Paso County District Court No. 22DR30702
Honorable Erin Sokol, Judge

In re the Marriage of

David Michael Sims,

Appellee,

and

Janica Marie Sims,

Appellant.

APPEAL DISMISSED IN PART AND ORDERS AFFIRMED

Division II
Opinion by JUDGE FOX
Johnson and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 31, 2024

Feingold Horton, PLLC, Lorna H. Horton, Sarah W. Quinlan, Greenwood Village, Colorado, for Appellee

Russel Murray III, P.C., Russel Murray III, Englewood, Colorado, for Appellant

¶ 1     In this proceeding involving Janica Marie Sims (mother) and David Michael Sims (father), mother appeals: (1) a magistrate's order registering a Japanese divorce decree wherein father was granted sole custody of the parties' three children; (2) the district court's order enforcing the divorce decree and requiring the two younger children to return to Japan; and (3) the district court's order denying her motion for a stay.  We dismiss the portion of the appeal concerning the magistrate's order and affirm the two district court orders.

I.     Relevant Facts

¶ 2     Father, an Australian citizen, and mother, a United States citizen, were married in 2006.  The parties were then living in Japan.  While there, they had three children, a daughter followed by two sons.  The children are United States citizens.

¶ 3     The marriage deteriorated, and in December 2018, mother, assisted by an attorney, petitioned for mediation in the Japanese family court.  The mediation, which is a prerequisite to seeking a divorce, failed.  Then, father, through an attorney, filed for a contested divorce in April 2021.  After mother was given notice of the action, she filed a responsive pleading.  During this period, the

1

children lived primarily with mother, and father exercised regular parenting time.

¶ 4    In June 2021, father allowed mother to travel with the children to Colorado until late August.  When that time came, however, only the daughter flew back to Japan.  Mother unilaterally kept the sons with her in Colorado, continually rejecting father's requests for the sons' return.

¶ 5    Meanwhile, the Japanese family court scheduled four hearings over five months, none of which mother attended.  On March 2, 2022, relying on Japanese law, the Japanese court, without mother's participation, issued a divorce decree granting father full custody of the children.

¶ 6    In April 2022, father petitioned to register the divorce decree in Colorado under the Uniform Child-custody Jurisdiction and Enforcement Act (UCCJEA).  *See* § 14-13-305, C.R.S. 2024.  Mother objected, citing the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention) and its implementing legislation, the International Child Abduction Remedies Act.

2

¶ 7     In August 2022, contingent upon the registration of the divorce decree, father moved to enforce it under the UCCJEA (motion to enforce).  Mother did not file a response.

¶ 8     In January 2023, the American magistrate held a hearing solely to address the issue of registering the divorce decree.  The parties and father's Japanese divorce attorney testified.

¶ 9     On February 9, 2023, the magistrate issued a written order with the following findings:

- Father submitted two copies of the divorce decree, including a certified copy, as required.

- The family court in Japan had jurisdiction when mother filed her petition for mediation in 2018 and when father initiated the 2021 contested divorce.

- Custody was the biggest issue in mediation.

- In the divorce decree, the family court determined that the children's habitual residence was in Japan because their visit to Colorado was temporary.  The children had resided in Japan since birth.

- Mother neither appealed the divorce decree nor filed any objections to it.

- The divorce decree remained valid because the Japanese family court never vacated, stayed, or modified it. In fact, in January 2023, the family court dismissed mother's attempt to modify the decree because the court lacked jurisdiction to do so.

- Mother had notice of the divorce proceedings. Besides initiating the mediation process, she filed a response after being served with a copy of father's divorce petition.

- The daughter currently lives with father in Japan.

¶ 10    From those findings, the magistrate, invoking the UCCJEA, registered the divorce decree. The magistrate then indicated that father's motion to enforce would be addressed at a separate hearing, along with an allocation of parental responsibilities as to mother.

¶ 11    Father petitioned for district court review. While he did not oppose the divorce decree's registration, he objected to the magistrate taking jurisdiction over the sons. He asserted that the decree was entitled to full faith and credit, and the sons must be returned to Japan. Mother asked that the court uphold the magistrate's order. In the end, the court denied the petition for lack

4

of a final order given that father's motion to enforce remained unresolved.

¶ 12　The district court held a status conference to discuss the enforcement hearing. The parties presented their respective positions on jurisdiction. The court vacated the hearing and said that it would address jurisdiction in a written order. On July 26, 2023, the court enforced the divorce decree and ordered that the sons return to Japan.

¶ 13　On August 27, 2023, the district court denied mother's request to stay the July 26, 2023, order pending appeal.

## II.　The Magistrate's Order

¶ 14　Mother raises several challenges to the magistrate's order registering the divorce decree. But we cannot address the merits of those assertions because she did not timely appeal from that order.

¶ 15　Because we must always ensure that we have the necessary jurisdiction to hear an appeal, we may raise any jurisdictional concerns on our own, regardless of whether the parties have raised such issues. *Nguyen v. Lai*, 2022 COA 141, ¶ 8; *see also In re Marriage of Matheny*, 2024 COA 81, ¶ 9.

¶ 16    Father filed a petition seeking the sole relief of registering the divorce decree in Colorado, which the magistrate subsequently granted.  He later asked the district court to review the magistrate's order.  He agreed with the registration of the decree.  He disagreed, however, with the portion of the order that contemplated modifying the decree to address the reallocation of parental responsibilities.  In response, mother expressly argued that the court uphold the magistrate's order.  The court denied the petition for review, reasoning that the magistrate's order was not final due to father's pending motion to enforce.

¶ 17    Contrary to the district court's ruling, the magistrate's order was final as it resolved the only issue raised in father's petition: the registration of the divorce decree.  *See* C.R.M. 7(a)(3) (a magistrate's order is final when it fully resolves an issue or claim); *see also People v. Maes*, 2024 CO 15, ¶¶ 12, 18 (a magistrate's order resolving an individual component of an action without resolving the action in its entirety may be a final order for purposes of district court review); *Matheny*, ¶ 13.  The court's mistaken legal conclusion on finality does not bind us.  *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 11; *see also In re Marriage of*

*Thorburn*, 2022 COA 80, ¶ 25 (appellate review of a district court's order adopting a magistrate's decision is a second layer of appellate review); *Musick v. Woznicki,* 136 P.3d 244, 251 (Colo. 2006) (the appellate court has the power to determine whether or not it has jurisdiction).

¶ 18     Once the district court denied father's request for district court review, mother had forty-nine days to file an appeal. *See* C.A.R. 4(a). She did not. As a result, we lack jurisdiction to review the magistrate's order, and we must dismiss this portion of the appeal. *See In re Marriage of James*, 2023 COA 51, ¶ 26 (appellate court lacks jurisdiction to consider untimely filed appeal).

¶ 19     Even assuming the magistrate's order was not final until the district court decided the motion to enforce, we agree with father that because mother never sought district court review of the order, it is not properly before us. *See* C.R.M. 7(a)(11) ("Appeal of an order or judgment of a district court magistrate may not be taken to the appellate court unless a timely petition for review has been filed and decided by a reviewing court in accordance with these Rules."), (12) (if timely review in the district court is not requested, the magistrate's order becomes the order of the district court, and any

appeal of that order is barred); *see also In re Marriage of Stockman*, 251 P.3d 541, 543 (Colo. App. 2010) ("[B]ecause district court review of this order was required before any appeal could be filed, we simply have no jurisdiction and must dismiss."). And we note that mother's reply brief is silent on father's argument that her failure to petition for district court review prevented her from appealing the magistrate's order.

### III.  The District Court's July 26, 2023, Order

¶ 20    Next, mother contends that the district court erred by enforcing the divorce decree because it "ignored [her] request for [the] application of the protections afforded her and the children under the [Hague Convention]." She identifies the following as affirmative defenses to enforcing the decree under the Hague Convention: (1) the non-traveling parent was not exercising custody rights; (2) the non-traveling parent consented to or acquiesced to the move; (3) the children objected to the requested return; (4) the children were settled in the new environment; (5) there existed a grave risk of physical or psychological harm if the children were returned; and (6) the fundamental principles relating to the protection of human rights and fundamental freedoms did not

permit the return of the children. We decline to address this contention because she abandoned it.

¶ 21 In her written objection to father's petition for registration, mother raised the Hague Convention's applicability for the first time, arguing the following:

- The divorce decree was entered by "default" due to the father's fraudulent statements about not knowing the whereabouts of mother and the children.

- Father allowed the children to travel to Colorado.

- The children were not residents of Japan and had been living in the United States for over six months at the time the decree was entered.

- Father was not exercising "custodial control" over the children when mother left for the United States.

- Returning the children to Japan would expose them to a "grave risk" of "physical or psychological harm."

¶ 22 During her opening statement and closing argument at the January 2023 registration hearing, mother again emphasized the Hague Convention's relevance. But without elaborating, she simply

stated that the Hague Convention required an individual to "prove" "things" and allowed "defenses" to be raised.

¶ 23     Then, after the magistrate registered the divorce decree, the district court held a status conference to discuss the upcoming enforcement hearing.  The parties outlined the fundamental issues and presented their arguments concerning the court's jurisdiction to adjudicate the parental responsibilities of the sons.  Mother insisted that the Japanese family court's January 11, 2023, order proved that Japan no longer had jurisdiction.  Father countered that the order established that Japan lacked jurisdiction to modify the divorce decree, but otherwise, the decree remained valid and entitled to full faith and credit.  The court sided with father, enforcing the decree and compelling the sons to return to Japan.

¶ 24     We conclude that mother abandoned her contention that the district court disregarded the applicability of the Hague Convention. *See In re Marriage of Corak*, 2014 COA 147, ¶ 23 ("A litigant who abandons an argument in the [district] court likewise abandons it for the purposes of appeal."); *see also Brody v. Hellman*, 167 P.3d 192, 199 (Colo. App. 2007) (an issue that is not pursued during hearing and through disposition is abandoned for appeal).

¶ 25     During the status conference, which immediately preceded the district court's enforcement order, mother did not mention the Hague Convention, let alone its applicability.  Nor did mother cite the Hague Convention in response to father's motion to enforce, as she did not respond to that motion at all.  She therefore abandoned the contention, and we will not address it now.  *See Corak*, ¶ 23; *see also Brody*, 167 P.3d at 199.  We also note that she did not file a response to father's motion to enforce, nor did she specifically assert in the district court most of the affirmative defenses she now raises on appeal.

¶ 26     Mother also claims that the district court precluded her from presenting any arguments related to the Hague Convention before it issued its ruling.  She is wrong because at the July 2023 status conference, she had the opportunity to do so but chose not to.  And at no point during the conference did she request an evidentiary hearing before the court ruled.

IV.    The District Court's August 27, 2023, Order

¶ 27     To the extent that mother contends that the district court erred by denying her motion for a stay, we decline to address it because it is undeveloped.  *See In re Marriage of Zander*, 2019 COA

11

149, ¶ 27 (appellate court may decline to consider an argument not supported by legal authority or any meaningful legal analysis), *aff'd*, 2021 CO 12; *Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2017 CO 69, ¶ 40 (An appellate court will "decline to assume the mantle" when parties offer no supporting arguments for their claims.).

## V. Appellate Attorney Fees

¶ 28    Arguing that mother's appeal is without substantial justification and is otherwise frivolous, father asks for his appellate attorney fees.  *See* C.A.R. 39.1; *see also* § 13-17-102, C.R.S. 2024. However, we do not view the appeal as so lacking in substantial justification that a fee award is appropriate.  We therefore deny his request.  *See Mission Denver Co. v. Pierson*, 674 P.2d 363, 365 (Colo. 1984) ("Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct without deterring a lawyer from vigorously asserting his client's rights."); *see also In re Marriage of Boettcher*, 2018 COA 34, ¶ 38 ("Fees should be awarded only in clear and unequivocal cases . . . ."), *aff'd*, 2019 CO 81.

## VI.    Disposition

¶ 29    Mother's challenge to the magistrate's February 9, 2023, order is dismissed.

¶ 30    The district court's July 26, 2023, and August 27, 2023, orders are affirmed.

JUDGE JOHNSON and JUDGE SCHOCK concur.